UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                          Chapter 11

                                                Case Nos. 08-10-71705-reg,
                                                08-10-71706-reg, 08-10-71708-reg,
Panzar KFC Food, LLC, et al.[1]                 08-10-71709-reg, 08-10-71710-reg,
                                                08-10-71711-reg, 08-10-71712-reg,
                                                08-10-71713-reg, 08-10-71714-reg,
                                                08-10-71715-reg, 08-10-71716-reg,
                                                08-10-71718-reg, 08-10-71719-reg

       Debtors.                                 (Jointly Administered)

---------------------------------------------------------------x

**ORDER (I) AUTHORIZING DEBTORS TO CONDUCT AUCTION OF SUBSTANTIALLY ALL OF THE DEBTORS' INTERESTS IN CERTAIN NON-RESIDENTIAL REAL PROPERTY LEASES, FRANCHISE AGREEMENTS AND FURNITURE, FIXTURES AND EQUIPMENT APPURTENANT THERETO FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C., SECTIONS 105, 363(A) AND (B) AND 365 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE RULES 2002, 6004 AND 6006; (11) APPROVING BIDDING PROCEDURES AND TERMS AND CONDITIONS OF SUCH AUCTION; (III) ESTABLISHING A DEADLINE FOR FIXING CURE AMOUNTS WITH RESPECT TO THE DEBTORS' LEASES OF NONRESIDENTIAL REAL PROPERTY; AND (IV) WAIVING THE REQUIREMENTS OF RULE 6004(h) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE WITH RESPECT TO SALES OF THE DEBTORS' ASSETS**

**UPON** consideration of the motion (the "Auction Motion") of the above-captioned Debtors and Debtors-in-possession (the "Debtors"), seeking entry of an order pursuant to 11 U.S.C. 105, 363 and 365(a), Title 11, United Stales Code, 11 U.S.C. §§ 101 el seq. (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 2002, 6004, and 6006 ("Bankruptcy Rules") (i) authorizing Debtors to conduct an auction (the "Auction") of

---

[1] The Debtors in these cases are: Panzar KFC Food, LLC, 175-46 Hillside Avenue, LLC, 495 Nostrand Avenue, LLC, 195-10 Jamaica Avenue, LLC, 1667 Pitkin Avenue, LLC, 1040 Bedford Avenue, LLC, 1556 Myrtle Avenue, LLC, 666 Bushwick Avenue, LLC, 1994 Atlantic Avenue, LLC, 707 Lenox Avenue, LLC, 90 Fourth Avenue, LLC, 1922 Third Avenue, LLC, 140-04 Queens Boulevard, LLC.

1

substantially all of the Debtors' respective interests in non-residential real property leases, franchise agreements, furniture, fixtures, equipment, leasehold improvements, inventory and other personal property (collectively, the "Assets") free and clear of all liens, claims and encumbrances (ii) approving bidding procedures and terms and conditions of the Auction; (iii) establishing a deadline for fixing cure amounts with respect to the Debtors' respective leases of nonresidential real property; and (iv) waiving the requirements of rule 6004(h) of the Federal Rules of Bankruptcy Procedure with respect to sales of the Assets, and it appearing that the Debtors have articulated good and sufficient reasons for approving the bidding and auction procedures annexed to the Application as Exhibit "A", as modified herein (the "Bidding Procedures") and the Auction and Hearing Notice annexed to the Application as Exhibit "B", in connection with the auction of the Assets; and no objections having been filed and it appearing that the Bidding Procedures are reasonable and appropriate and are designed to maximize the recovery for the Assets; and the Auction and Hearing Notice proposed to be provided by the Debtors in the Motion constitutes due, sufficient and adequate notice to all parties-in-interest of the sale of the Assets and no further notice of the relief requested in the Motion is required; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estate and creditors; and after due deliberation, and sufficient cause appearing therefor, it is hereby

**ORDERED,** that the Debtors are authorized to conduct an Auction for the sale of the Assets in accordance with the Bidding Procedures, as the Bidding Procedures have been modified and/or supplemented as a result of the March 30, 2011 hearing; and it is further

**ORDERED,** that the Bidding Procedures, as modified and/or supplemented, which are annexed to this Order as Exhibit "A" are hereby approved; and it is further

**ORDERED,** that if any Qualified Bids are received in accordance with the Bidding Procedures, the Debtors will conduct an Auction commencing on June 9, 2011 at 1:00 p.m., at

2

The New York LaGuardia Airport Marriott, 102-05 Ditmars Blvd., East Elmont, New York, or such other time and place as announced at the Auction; and it is further

**ORDERED**, that the deadline for submitting bids to become Qualified Bids for the purchase of one or more Locations, as that term is defined in the annexed Bidding Procedures for all Non-Current Growth Ready KFC Franchises, is April 15, 2011 at 4:00 p.m., at the offices of David R. Maltz & Co., Inc; and it is further

**ORDERED,** that the deadline for submitting bids to become Qualified Bids for one or more Leased Premises, as that term is defined in the annexed Bidding Procedures and for all Current Growth Ready Certified KFC Franchises, is May 13, 2011 at 4:00 p.m., at the offices of David R. Maltz & Co., Inc.; and it is further

**ORDERED,** that the Auction may be adjourned from time to time without further notice except by announcement of the adjourned date or dates at the Auction or any adjournment thereof; and it is further

**ORDERED**, that within twenty-five (25) days after notice to David R. Maltz & Co., Inc. of its receipt of the required information and documents from the Successful Bidder and the Backup Bidder, KFCC shall inform Debtor's Professionals in writing of whether KFCC has provided Final Approval of the Successful Bidder or Backup Bidder for Location, which approval shall not be unreasonably withheld; and it is further

**ORDERED**, that the Debtors shall serve the Auction and Hearing Notice annexed to this Order as Exhibit "B", which form is hereby approved, upon the persons and in the manner specified in the Auction Motion within three (3) business days of entry of this Order; and it is further

**ORDERED**, that the Debtors shall file a motion ("Sale Motion"), as soon as reasonably practicable following the Auction, pursuant to Federal Rule of Bankruptcy Procedure 2002 and 11 U.S.C. Sections 363 and 365, seeking, without limitation, (1) the approval and confirmation of sales of Assets to the highest and best offeror(s) (or, if appropriate, Backup Bidders), free and clear of all liens, claims, encumbrances and security interests, (2) the assumption and assignment and/or rejection of (a) the Debtors' franchise agreements with KFCC, and (b) any non-residential real property lease(s) and (3) a determination of disputed and non-disputed cure amounts under such executory contracts and unexpired leases, as is appropriate based upon the outcome of the Auction, and such motion shall be served upon: (a) all of the creditors of the Debtors; (b) all parties to executory contracts or unexpired leases which are to be assumed and assigned or rejected under the Sale Motion; (c) all parties filing Notices of Appearance; (d) the Office of the United States Trustee, 560 Federal Plaza, Central Islip, New York, attn: Alfred Dimino, Esq.; (e) counsel for the Official Committee of Unsecured Creditors, Thaler & Gertler, LLC, 90 Merrick Avenue, Suite 400, East Meadow, New York 11554, Attention: Andrew M. Thaler, Esq., (f) counsel to KFCC, Kauffman Gildin Robbins & Oppenheim, LLP, 777 Third Avenue, 24th Floor, New York, New York 10017, attn: David J. Kauffman, Esq.; and it is further

**ORDERED**, that on or before April 15, 2011, the Debtors shall serve a list of proposed cure payments for any leases which the Debtors are seeking to assume (the "Cure Payment Notice") If a landlord for an unexpired lease asserts that monetary or non-monetary defaults exist which must be cured under the applicable or unexpired lease as a condition of assumption and assignment pursuant to 11 U.S.C. Section 365 or otherwise, that such party must serve upon Debtors' counsel and the parties listed above (the "Notice Parties"), by no later than May 15, 2011, at 5:00 p.m. (Eastern Standard Time) (the "Cure Statement Deadline"), a written statement

containing a representation of the exact amount of arrears alleged to be owed under the applicable lease, plus any other defaults alleged to exist under such lease together with copies of all supporting documentation (the "Cure Statement"). Landlords who fail to serve a Cure Statement shall be deemed to have the Cure Amount listed in the Cure Payment Notice and shall not receive any other cure payments upon the assumption and assignment of their leases; and it is further

**ORDERED,** that if the Debtors or any other party in interest disputes any Cure Statement timely served in accordance with the immediately preceding decretal paragraph, a hearing(s) shall be held on the return date of the Sale Motion referred to above regarding the allowance or disallowance of the asserted cure amount; and it is further

**ORDERED**, that if the Debtors or any other party in interest, including, without limitation, the Notice Parties, desire to object to any Cure Statement filed in accordance with this Order, that such objections must be filed at least five (5) business days prior to the Sale Hearing; and it is further

**ORDERED,** that any of the Notice Parties may object to any of the Cure Amounts listed in the Cure Payment Notice, whether or not the landlord for an unexpired lease has filed a Cure Statement; and it is further

**ORDERED**, that the ten day stay provided for in Federal Rule of Bankruptcy Procedure 6004(h) is hereby waived; and it is further

**ORDERED**, that a hearing shall be held before the Hon. Robert E. Grossman, at the United States Bankruptcy Court, 290 Federal Plaza, Central Islip, New York, NY 10601 on July 27, 2011 at 1:30 P.M, or as soon thereafter as counsel may be heard (the "Sale Confirmation

Hearing"), to confirm the results of the Auction sale, authorize the assumption or rejection of the Debtors' estates' Leases based upon the results of the Auction, and grant such other related relief as may be deemed necessary or proper by the Court; and it is further

**ORDERED,** that objections to the relief to be considered at the Sale Confirmation Hearing shall be filed with the Bankruptcy Court at the Court's website www.nysb.uscourts.gov/ (password and log in required), with a copy delivered directly to Chambers and served upon: (a) counsel to the Debtors; (b) Office of the United States Trustee; (c) counsel to Creditors Committee; and (d) counsel to KFCC so as to be received no later than seven (7) days prior to the hearing date; and it is further

**ORDERED**, that the Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

Dated: Central Islip, New York
April 14, 2011

Robert E. Grossman
United States Bankruptcy Judge